

Rex Palmer
Lincoln Palmer
ATTORNEYS INC., P.C.
301 W Spruce
Missoula, MT 59802
(406) 728-4514
firm@attorneysincpc.com
lpalmer@attorneysincpc.com
ATTORNEYS FOR PLAINTIFFS

MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

| | |
|---|---|
| Howard J. Haskett and Kathleen M. Haskett,<br>    Plaintiffs,<br><br>v.<br><br>American Home Centers, LLC, Kit Homebuilders West, LLC, Bennett Truck Transport, LLC, and John Does 2-5,<br>    Defendants. | Cause No. DV-20-208<br><br>Honorable Judge Robert J Whelan<br><br>***AMENDED COMPLAINT AND JURY DEMAND*** |

\* \* \* \* \*

Plaintiffs submit this Amended Complaint pursuant to M. R. Civ. P. 15(a)(1)(B) and allege as follows:

1. Defendant, American Home Centers, LLC, ("AHC") is a Montana company with its principal place of business in Gallatin County, Montana.

2. Defendant, Kit Homebuilders West, LLC ("Kit") is an Idaho company.

3. Defendant Bennett Truck Transport, LLC ("Bennett Transport"), a Georgia company, and John Does 2-5, are all other individuals, other entities, corporations and/or partnerships who were responsible for delivery or who

delivered the home and were therefore responsible for damage caused to the home during the course of delivery.

4. On December 19, 2017, AHC entered into a contract with Plaintiffs ("Hasketts") to sell them a new factory built modular home to be built by Kit in two half sections.

5. The contract correctly represents that a home is "a once in a lifetime investment for most people."

6. The contract provides for AHC to deliver the two half sections, place, set up and finish construction of the home on a permanent foundation provided by Hasketts at the home site in Silver Bow County, Montana.

7. The purchase price was $220,741.00.

8. The purchase price was to be paid to AHC in two parts with half of the purchase price to be paid to order the home and the balance to be paid prior to shipping the home from the factory in Idaho to the destination in Ramsay, Silver Bow County, Montana

9. Hasketts timely paid AHC the required 50% down to order the home.

10. When AHC notified Hasketts that the home was complete and ready to ship, Hasketts timely paid the balance of the purchase price.

11. AHC performed a pre-delivery inspection of the access route, site, and foundation intended to ensure a smooth delivery and set-up.

12. AHC, by and through its agent Bennett Transport, and John Does 2-5,

attempted to deliver the two half sections of the home to the site during the week of July 18, 2018.

13. During the course of delivery, on a side road near exit 211 of Interstate 90 in Silver Bow County, AHC, by and through its delivery crew including Bennett Transport, cut a corner too sharp and drove partly off the paved roadway and into the ditch with one half section of the home. Driving into the ditch applied uneven stress to that half section of the home thereby racking the structure. The uneven stress and racking caused substantial damage to the home including but not limited to damaging siding, trim, cabinets, walls, flooring, windows, structural members and compromising the connections with and between the above.

14. That half of the home sat in that racked position with uneven stress for almost two days until a crane arrived to assist with getting that half section of the home back on the roadway.

15. Bennett Transport's negligent conduct damaged the home.

16. Defendants AHC and Kit represented that the home would be built and delivered in compliance with the applicable building code.

17. The contract requires that the home be built and delivered in compliance with the applicable building code.

18. Defendants AHC and Kit were required by law to build the home in compliance with the applicable building code.

19. The building plans approved by the state of Montana require that the home be built in compliance with the 2012 International Residential Code as amended by Montana law, administrative rule or ordinance.

20. The applicable building code is the 2012 International Residential Code as amended by Montana law, administrative rule or ordinance.

21. Defendants AHC and Kit did not build the home in compliance with the applicable building code.

22. Defendants AHC and Kit did not deliver the home in a state of compliance with the applicable building code.

23. Defendants AHC and Kit did not build or deliver the home in compliance with the 2012 International Residential Code as amended by Montana law, administrative rule or ordinance.

24. Defendants AHC and Kit represented that the home would be built in compliance with the building plans approved by the state of Montana.

25. The contract requires that the home be built in compliance with the building plans approved by the state of Montana.

26. Defendants AHC and Kit were required by law to build the home in compliance with the building plans approved by the state of Montana.

27. Defendants AHC and Kit did not build the home in compliance with the building plans approved by the state of Montana.

28. Defendants AHC and Kit represented that the home would be built in a

substantial and workmanlike manner according to standard practices for building new residential homes.

29. Defendants AHC and Kit did not build the home in a substantial and workmanlike manner according to standard practices for building new residential homes. Instead they built the home in a shoddy and indifferent manner with disregard to the building plans approved by the State of Montana and the applicable building code.

30. During the course of purchase, construction, and set up, Kit and AHC at various times led Hasketts to believe the home would be built and delivered and any corrections would be made in a substantial and workmanlike manner according to standard practices and compliant with applicable building codes, the building plans approved by the State of Montana, the purchase contract, their advertising and representations. Instead Defendants Kit and AHC:

   a. failed to install many of the components and materials pursuant to the manufacturers' guidelines thereby leaving the home compromised and susceptible to poor function, premature deterioration over time and shortened life span. For example, installing at least 2 windows upside down, i.e. drain ports up, preventing proper water drainage from the window frame,

   b. constructed portions of the roof system inconsistent with the

applicable building code and the building plans approved by the State of Montana, and not providing proper structural support, thereby leaving the roof system structurally compromised,

c. failed to properly engineer the home for transport and/or failed to use an appropriately rigid transport trailer and/or failed to perform an adequate access inspection prior to delivery to ensure a smooth delivery, thereby causing or permitting the home to rack during delivery,

d. failed to inspect, identify and correct defects, damages, and deficiencies in the structure at the time of delivery and other defects, deficiencies and damage caused by AHC during delivery, placement, and set up of the structure, including but not limited to the roof system, countertop grout and caulking, flooring including but not limited to ceramic tile and grout, doors which do not look or close correctly.

e. Failed to build the home in compliance with various representations they made to Hasketts, used poor workmanship which falls below industry standards and substandard practices not generally accepted in the home construction industry.

f. Made representations, warranties and advertising statements which are untrue, factually incorrect, deceptive and misleading.

31. At various times Defendant AHC agreed to send workmen to identify and correct deficiencies and damages existing on the home but these workmen failed to identify and correct the deficiencies and damages set out herein.

32. Defendant Kit sent at least one inspector who failed to identify, or identified and concealed from Plaintiffs, deficiencies and damages existing on the home.

33. The practices and conduct of AHC and Kit toward Hasketts as described in this complaint are unfair and deceptive. Such practices and conduct includes but is not necessarily limited to the following:

    a. failure to communicate with Hasketts,

    b. failure to answer Hasketts' questions,

    c. failure to identify and remedy the problems described in this Complaint,

    d. each Defendant telling Hasketts that Hasketts' concerns should be taken to the other Defendant,

    e. Defendants Kit and AHC failing to train, supervise and inspect the work of their workmen or, alternatively, failing to employ workmen adequately trained and experienced to properly inspect in order to identify items not in compliance with the building plans approved by the State of Montana, the applicable building code, the contract, their advertising and other representations, then complete the necessary

work.

34. Defendants AHC and Kit knew or should have known that both the delivery and set up process can and often do create issues with the fit, finish and functionality of the various components of the structure. These processes include but are not necessarily limited to the following:

    a. transportation from the factory to the building site,

    b. setting the separate building sections on the foundation,

    c. joining the separate sections, and

    d. completing and joining the separate roof sections.

35. Defendants AHC and Kit knew or should have known that most of their customers never get into the attic to check for compliance with the building plans and the applicable building code.

36. Defendants AHC and Kit knew or should have known that many if not most of their customers do not have the necessary training or knowledge to inspect for and identify construction defects and items not in compliance with the building plans approved by the state of Montana and the applicable building code.

37. Defendants AHC and Kit knew or should have known that their customers rely on Kit and AHC to assure that the home is built in compliance with the applicable building code, the building plans approved by the state of Montana, standard practices for building new residential homes, and

consistent with the purchase contract, their advertising and representations.

38. Customers of Kit and AHC, such as Hasketts, are entitled to rely on Kit and AHC to assure that the home is built in compliance with the applicable building code, the building plans approved by the state of Montana, standard practices for building new residential homes, and consistent with the purchase contract, their advertising and representations.

39. Defendants AHC and Kit had no plan in place to identify and correct, through the time of delivery or during the setup process, any and all items out of compliance with the applicable building code, the building plans approved by the state of Montana, standard building practices for building new residential homes, and consistent with the purchase contract, their advertising and representations.

40. Defendants AHC and Kit had no training or vetting process in place to assure that their employees and agents would identify and correct all items out of compliance with the applicable building code, the building plans approved by the State of Montana, standard practices for building new residential homes, and consistent with the purchase contract, their advertising and representations.

41. Defendants AHC and Kit had no intention to identify and correct all items out of compliance with the applicable building code, the building plans

approved by the State of Montana, standard practices for building new residential homes, and consistent with the purchase contract, their advertising and representations.

42. As a direct and proximate result of Defendants' conduct, Defendants have gained unjust enrichment and Hasketts have sustained substantial compensable losses, including delay and interference with the occupancy and quiet enjoyment and use of their home, delay and interference with the final mortgaging of their home and other economic losses, including impaired and reduced value of their home, additional interest charged due to the lender's requirement that repairs be made prior to converting the higher-interest construction loan to an end loan, attorney fees, costs, expert fees, other professional fees, the value of Hasketts' time in prosecuting this action, travel and other incidental expenses and they have suffered emotional distress, anger, disappointment and worry, all to Hasketts' detriment and damage in an amount not fully ascertained.

43. At all material times and in doing the things alleged herein, Defendants Kit and AHC knew that they were obligated to build, deliver, and repair Hasketts' home in a state of compliance with the applicable building code, building plans approved by the State of Montana, industry standard practices, the sales contract and their advertising and representations. Nevertheless, acting oppressively, maliciously and outrageously toward

Hasketts and in violation of their duties to Hasketts, with conscious disregard of their obligation of good faith and fair dealing to Hasketts and to Hasketts' known rights and in accordance with their general business practices and with the intention of wrongfully interfering with Hasketts' prospective economic advantage and property interest in the home and of intentionally causing unjust and cruel hardship and emotional distress to Hasketts, Defendants Kit and AHC proceeded to act in conscious or intentional disregard of, or indifference to, the high probability of injury to the Hasketts as alleged. In so acting, Defendants acted to and did vex, injure and annoy Hasketts.

44. The actions of Defendants Kit and AHC, as alleged herein, including but not limited to failing to construct, deliver, and repair the home in a state of compliance with their representations, the applicable building code, building plans approved by the State of Montana and standard practices, are and continue to be wrongful, unreasonable and malicious breaches of duties which they owed and continue to owe to Hasketts and are and continue to be inconsistent with and contrary to their representations in advertising communications and solicitations presented to the public. To the extent that the actions of Defendants Kit and AHC are inconsistent with and contrary to the representations in their advertising communications and solicitations presented to the public and their customers, the

representations are untrue, deceptive and misleading and a cause of damage to Hasketts.

## FURTHER EXPLANATION OF CLAIMS

By this action, Hasketts seek recovery for Defendants' wrongful conduct in the advertising, sale, engineering, construction, delivery, placement, set up, and finishing of the home, including the communications, repeated failures to communicate and repeated violations of agreements they made before and after placement of the home. This Complaint does not attempt to name each particular cause of action or plead the specific legal elements of each claim which provides remedies for the conduct alleged herein. Pursuant to M.R.Civ.P. 8(c), a complaint must only "put a defendant on notice of the facts the plaintiff intends to prove." *Kunst v. Pass*, 1998 MT 71, ¶ 35, 288 Mont. 264, 957 P.2d 1. Hasketts reserve the right to recovery under each and every claim and cause of action supported by the facts alleged in this Complaint, including but not limited to the following:

**NEGLIGENCE**; for the Defendants' failure to act with reasonable care under the circumstances. For example, concerning Defendant AHC, it negligently performed the access route inspection prior to delivery of the home, negligently shipped, delivered (e.g. drove one section of Hasketts' home off the paved roadway) or placed the home, thereby racking the structure with uneven stress

thereby damaging the fit and function of doors, windows and trim, negligently failed to adhere to new residential construction standards of care, negligently failed to complete the home pursuant to the plans, negligently failed to inspect, identify and correct defects in the structure at the time of delivery and other defects and damage caused by AHC during delivery, placement and set up of the structure.

For example, concerning Defendant Kit, it negligently failed to install windows pursuant to the manufacturers guidelines (e.g. right side up), it negligently failed to adhere to professional standards of care, negligently failed to complete the home pursuant to the building plans approved by the State of Montana, negligently failed to inspect, identify and repair defects in the structure caused in the course of construction and delivery.

For example, concerning Defendant Bennett Truck Transport, it negligently drove one section of Hasketts home off the paved roadway thereby racking the structure with uneven stress thereby damaging the fit and function of walls, flooring, doors, windows and trim. Further, it negligently trained, supervised, or vetted its driver.

**NEGLIGENT MISREPRESENTATION**; based on untrue statements by Defendants Kit and AHC upon which Hasketts relied and thereby sustained damage. For example, both Defendants represented that the home would be completed consistent with the building plans approved by the State of Montana

and the applicable building code when in fact it was constructed, delivered and set up at variance with the building plans and applicable building code and with compromised structural integrity.

**BREACH OF CONTRACT**; based on Defendants' violations of the written contract as well as agreements after the home was delivered to the site. For example, both Kit and AHC represented that the home would be completed consistent with the building plans approved by the State of Montana and the applicable building code when in fact it was constructed, delivered and set up at variance with the building plans and the applicable code and with compromised structural integrity. For example, after the home was delivered to the site, at various times both Kit and AHC agreed to inspect, identify and correct deficiencies and damages described in this Complaint, but failed to do so.

**CONSTRUCTIVE FRAUD**; for Defendants' benefitting by misleading Hasketts to their detriment. For example, both Kit and AHC represented that the home would be completed consistent with the applicable building codes and the building plans approved by the State of Montana when in fact it was constructed, delivered and set up at variance with the building plans and the applicable building code and with compromised structural integrity.

**VIOLATIONS OF CONSUMER PROTECTION ACT**; for Defendants' unfair and deceptive acts and practices in addressing and failing to correct the

deficiencies and damages to the home. For example, the failure of Defendants AHC and Kit to identify and remedy the problems described in this Complaint, failure to communicate with the Hasketts and failure to answer Hasketts' questions.

For example each time that each Kit and AHC told Hasketts that Hasketts' concerns were the responsibility of the other Defendant.

For example, Defendants AHC and Kit had no plan, no training or vetting process for their employees and agents, and no intention to identify and correct all items out of compliance with the applicable building code, the building plans approved by the State of Montana, standard practices for building new residential homes, and consistent with the purchase contract, their advertising and representations, yet they turned the home over to the Hasketts with many items substandard, shoddy, and out of compliance as alleged herein.

WHEREFORE, Plaintiffs request a judgment against Defendants for all of the damages to which they are entitled in the amounts and proportions that the jury finds each Defendant liable, plus treble damages for Defendants Kit and AHC's violations of the Montana Consumer Protection Act, plus their attorney's fees, expert fees, professional fees, and costs incurred herein, together with such other relief as the Court and jury deem just under the circumstances.

//

DATED this 18th day of June, 2021.

/s/ *Lincoln Palmer*

Lincoln Palmer
ATTORNEYS INC., P.C.
301 W Spruce
Missoula, MT 59802
(406) 728-4514
ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Plaintiffs demand jury determination of all issues so triable.

DATED this 18th day of June, 2021.

/s/ *Lincoln Palmer*

Lincoln Palmer
ATTORNEYS INC., P.C.
301 W Spruce
Missoula, MT 59802
(406) 728-4514
ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of June, 2021, a true and correct copy of the foregoing was served upon the following by efile, U.S. mail, hand-delivery, Federal Express, facsimile or email:

Matthew A. Haus                     { } efile
TARLOW STONECIPHER        {X} U.S. Mail
WEAMER & KELLY, PLLC        { } Hand Delivered
1705 West College                { } Federal Express
Bozeman, MT 59715            { } Facsimile
                                      { } Email

Attorneys for Defendants Kit and AHC

*/s/ Lincoln Palmer*